# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# Lafayette Division

**In re:**

| | |
|---|---|
| **SVFOODS AVONDALE, LLC** | **CASE NO. 19-51526** |
| *Debtor* | **CHAPTER 11** |
| **SVFOODS HARVEY, LLC** | **CASE NO. 19-51527** |
| *Debtor* | **CHAPTER 11** |
| **SVFOODS BIG PIC, LLC** | **CASE NO. 19-51529** |
| *Debtor* | **CHAPTER 11** |
| **SVFOODS LITTLE PIC, LLC** | **CASE NO. 19-51530** |
| *Debtor* | **CHAPTER 11** |
| **SVFOODS WESTWEGO, LLC** | **CASE NO. 19-51531** |
| *Debtor* | **CHAPTER 11** |

### EMERGENCY MOTION FOR ORDER UNDER BANKRUPTCY RULE 1015(b) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

**NOW INTO COURT,** through undersigned counsel, come SVFoods Avondale, LLC, SVFoods Harvey, LLC, SVFoods Big Pic, LLC, SVFoods Little Pic, LLC and SVFoods Westwego, LLC as debtors and debtors-in-possession [1] (collectively, "New Debtors"), who respectively move this Court for entry of an *ex parte* order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure granting joint administration of their respective Chapter 11 cases (the "Motion"); and, in support thereof, respectively represent:

---

[1] *In re SVFoods Avondale, LLC*, Case No. 19-51526; *In re SVFoods Harvey*, LLC, Case No. 19-51527; *In re SVFoods Big Pic, LLC,* Case No. 19-51529; *In re SVFoods* Little *Pic, LLC*, Case No. 19-51530; and, *In re SVFoods Westwego, LLC,* Case No. 19-51531.

## JURISDICTION

1.

This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

The statutory predicate for the relief sought herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

3.

## BACKGROUND

On November 15, 2019, Lafayette Piggly Wiggly, LLC filed a petition for voluntary relief under Chapter 11 of the Bankruptcy Code. Thereafter, on the same date, JHJ, Inc. ("JHJ"), T.H.G. Enterprises, LLC, SVFoods Old Hammond, LLC, SVFoods Jefferson, LLC ("SVJefferson"), T&S Markets, LLC, TSD Markets, LLC, Baker Piggly Wiggly, LLC, and BR Pig, LLC each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A creditors' committee has been appointed in those cases; and, those debtors ("Original Debtors") are continuing to operate their businesses and manage their property in the ordinary course as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Upon motion of the aforementioned debtors, this Court entered an order permitting the joint administration of their cases under the lead case, *In re J-H-J, In*c., Case No. 19-51367.

On December 23, 2019, SVFoods Avondale, LLC, SVFoods Harvey, LLC, SVFoods Big Pic, LLC, SVFoods Little Pic, LLC, and SVFoods Westwego, LLC each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No creditors' committee has been appointed

in these cases; and, these debtors ("New Debtors"; with *Original Debtors*, collectively, "JHJ Debtors") are continuing to operate their businesses and manage their property in the ordinary course as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

JHJ is a Louisiana corporation, formed in 1984 for the purpose of owning and operating retail grocery stores in the Baton Rouge metropolitan area. Currently, JHJ owns and operates two such stores. Beginning in 1998, the remaining Original Debtors were formed by certain shareholders of JHJ for purposes of operating retail grocery stores in various locations in southern Louisiana. Collectively, the Original Debtors currently own and operate 12 grocery stores under the names Shoppers Value or Food Depot. All general administrative duties for the Original Debtors and New Debtors are handled by JHJ.

In 2018, certain shareholders of JHJ formed SVJefferson and each of the New Debtor entities for purposes of purchasing six (6) Winn-Dixie stores ("WD Stores") from the Southeastern Grocers, LLC bankruptcy estate. Of those six WD Stores, five ultimately operated under the Shoppers Value name; however, only one, *i.e.*, SVJefferson, remains in operation today. The acquisition and related investments into the WD Stores have placed a significant financial burden on the Original Debtors and New Debtors, each of whom is either a primary obligor or a guarantor of the indebtedness associated therewith. Based on the foregoing circumstances, the JHJ Debtors commenced their respective Chapter 11 proceedings.

4.

**RELATIONSHIP OF THE DEBTORS' ESTATES**

The JHJ Debtors are co-debtors on certain obligations owed to Supervalu, the JHJ Debtors' primary inventory supplier. Supervalu was granted corporate guarantees and security interests affecting the JHJ Debtors' accounts receivable, inventory, equipment and certain general intangibles. In addition, the JHJ Debtors are co-debtors on obligations owed to Iberia Bank under

the Small Business Administration loan obtained in connection with the acquisition of the WD Stores. Such indebtedness is secured by liens affecting, *inter alia*, the equipment of SVJefferson and the New Debtors.

5.

Joint administration of these cases will reduce costs and expenses and facilitate the development and confirmation of a Chapter 11 plan of reorganization to maximize payment to creditors of the New Debtors.

6.

**RELIEF REQUESTED**

By this Motion, the New Debtors request entry of an order authorizing joint administration of the Debtors' Chapter 11 cases for administrative purposes only.

7.

**BASIS FOR RELIEF**

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part: "[i]f ….two or more petitions are pending in the same court by or against (1)….(4) a debtor and an affiliate, the court may order a joint administration of the estate". Fed. Rules Bankr. Pro. 1015(b).

8.

Each of the New Debtors are affiliates under 11 U.S.C. §101(2), as Garnett Jones, Jr. owns at least 20% of each of the New Debtors and holds corresponding voting power for each New Debtor.

9.

The issues that will be addressed in the New Debtors' Chapter 11 cases will, to a large extent, be related and overlapping. Joint administration of these cases will eliminate the need for

duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the New Debtors, their estates and their investors and creditors.

10.

Joint administration will not give rise to any conflict of interest among or adversely impact the rights of the New Debtors' respective estates, as the New Debtors will each continue as separate legal entities, maintaining their separate books and records.

11.

Bankruptcy Rule 1015(b) provides that if the Court authorizes joint administration, the Clerk shall designate one of the cases as the lead case for docketing and filing; and thereafter maintain only the lead case docket as the active docket for filings in the consolidated cases. In order to optimally and economically administer these pending Chapter 11 cases, the cases should be jointly administered, for procedural purposes only.

12.

The rights of the respective creditors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the cases, and the New Debtors are not seeking substantive consolidation by this Motion.

13.

Notwithstanding the entry of an order granting the relief requested by this Motion, each creditor shall file a proof of claim against a particular New Debtor's estate and the New Debtors request that the Clerk of Court maintain a separate claims register for each respective case.

14.

By reason of the foregoing, the interests of the New Debtors, their creditors and equity security holders would be best served by joint administration of the above-captioned cases as joint administration of these cases will reduce costs and expenses and facilitate the development and

confirmation of a joint plan of reorganization for the benefit of the New Debtors' creditors. Accordingly, the New Debtors request that the caption of their cases be modified to reflect the joint administration of their respective Chapter 11 cases, as follows:

| | |
|---|---|
| **In re:** | **CASE NO. 19- 51526** |
| **SVFOODS AVONDALE, LLC,** *et al.* | **CHAPTER 11** |
| *Debtors* | **JOINTLY ADMINISTERED** |

15.

<u>**Notice**</u>

Notice of this Motion has been given to (i) the New Debtors; (ii) the United States Trustee; (iii) counsel for all secured creditors of the Debtors; (iv) the twenty (20) largest unsecured creditors of each of the New Debtors; and, (v) all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**WHEREFORE**, each of the New Debtors respectfully request that this Court enter an Order, substantially in the form submitted herewith, (a) authorizing the joint administration of the Chapter 11 cases of SVFoods Avondale, LLC, SVFoods Harvey, LLC, SVFoods Little Pic, LLC, SVFoods Big Pic, LLC and SVFoods Westwego, LLC; and, (b) granting such other relief as the Court deems just and proper.

    Respectfully submitted,

    By: /s/ Barbara B. Parsons
    William E. Steffes (La. Bar No. 12426)
    Barbara B. Parsons (La. Bar No. 28714)
    THE STEFFES FIRM, LLC
    13702 Coursey Boulevard, Building 3
    Baton Rouge, Louisiana 70817
    Telephone: (225) 751-1751
    Facsimile: (225) 751-1998
    E-mail: bparsons@steffeslaw.com
    *Proposed Counsel for the New Debtors*